IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY REFOSCO, Individually
and in her capacity as Administratrix
of the Estate of DAVID W. REFOSCO,
deceased,

        Plaintiffs,

    v.

THE UNITED STATES OF AMERICA,

        Defendant.

C.A. No.

**COMPLAINT IN CIVIL ACTION**

**JURY TRIAL DEMANDED**

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Stacey Refosco, individually and in her capacity as Administratrix of the Estate of David W. Refosco, deceased, by and through her attorneys, Robert O Lampl, James A. Ashton, James R. Cooney and Elsie R. Lampl, and files this Complaint in Civil Action whereof the following is a statement:

## STATEMENT OF CLAIM

This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, seeking damages relating to or arising from the death of Plaintiff's Decedent and alleging as the basis therefor the negligence of certain employees, agents, and/or representatives of the United States of America, *to-wit:* personnel of the hospital facility owned and operated by the United States Department of Veteran's Affairs, a political subdivision of the United States of America. Plaintiff, Administratrix of the Estate of David W. Refosco, deceased, brings this action on her own behalf and on behalf of all other persons entitled to recover for the wrongful death of David W. Refosco, pursuant to 42 Pa. C.S.A. §8301. Plaintiff also brings this action to

recover damages on behalf of the Estate of David W. Refosco, deceased, pursuant to 42 Pa. C.S.A. §8302.

## PARTIES

1.     Plaintiff is Stacey Refosco ("Plaintiff"), an adult individual citizen of the Commonwealth of Pennsylvania residing at 605 Railroad Street, Houston, PA 15342, acting in her individual capacity and in her capacity as Administratrix of the Estate of David W. Refosco ("Refosco"), deceased.

2.     Defendant, the United States of America ("USA"), operates the Department of Veterans Affairs ("VA"), which administers benefits and renders services on behalf of veterans of the armed forces of the USA and which maintains, owns and/or operates a number of health care facilities located in, *inter alia:* the Commonwealth of Pennsylvania. Among said health care facilities is a group of institutions and facilities known as the VA Pittsburgh Healthcare System, which in turn operates a major hospital facility at 7180 Highland Drive, Pittsburgh, PA 15206   ("VA Pittsburgh"), wherein the events transpired which gave rise to the instant Complaint. The VA

## JURISDICTION and VENUE

3.     Jurisdiction is conferred upon this Court pursuant to the provisions of 28 U.S.C. §§2675(a) and 1346(b), in that the present action is brought pursuant to the Federal Tort Claims Act as set forth in 28 U.S.C. §2671, et seq. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1402.

4.     The Plaintiff timely submitted an administrative claim on Form 95 to the Department of Veteran's Affairs, Office of General Counsel. Subsequently the claim was

denied by the VA on March 1, 2009.  The Plaintiff has thus complied with the requirements of the Federal Tort Claims Act, has exhausted her administrative remedies and is thus vested with the right to bring and maintain the instant action.

## **FACTUAL AVERMENTS**

5.      Plaintiff was, at all times material hereto, the wife of Plaintiff's Decedent, David W. Refosco. Refosco was a veteran of the armed services of the USA, in the course of which service he lost his leg to a land mine while serving in Vietnam War.

6.      On or about August 20, 2007, Refosco was diagnosed at VA Pittsburgh as suffering from a number of serious medical conditions, including, *inter alia:* non-ischemic cardiomyopathy, congestive heart failure and complete heart blockage with pacemaker dependence. As a result, a bi-ventricular pacemaker/defibrillator was inserted into Refosco's chest during a surgical procedure performed at VA Pittsburgh.

7.      On or about October 18, 2007, Refosco was admitted to the VA Pittsburgh complaining of a malfunctioning pacemaker and chills.

8.      The Plaintiff's symptoms were of sufficient severity to warrant his admission, whereupon Refosco was diagnosed with an infection known as Methicillin Resistant Staphylococcus Aureus ("MRSA"), an infection highly resistant to conventional antibiotic treatment.

9.      Plaintiff is of the information and belief, and therefore avers, that Refosco and/or Refosco's  pacemaker/ defibrillator was exposed to MRSA at the time of the implantation procedure and that the infection spread through Refosco's system, ultimately leading to his October admission to VA Pittsburgh.

10.     Refosco died on November 3, 2007 at the age of 60 as a result of complications from having contracted MRSA while a patient at VA Pittsburgh, survived by his wife, the Plaintiff herein, and their adult children.

11.     Plaintiff avers that Refosco's death was directly and proximately caused by the negligence of the medical, surgical and nursing staff of VA Pittsburgh, all of whom are servants, employees, agents, contractors and/or representatives of the Defendant USA, and all of whom, at all times material hereto, were acting within the scope of their office and employment. in providing substandard medical care to Plaintiff's Decedent and in failing to keep the Defendants' hospital free from MRSA infections.

12.     Plaintiff claims as damages those items of damage permitted to be recovered pursuant to the Pennsylvania Wrongful Death and Survival Acts.

## COUNT I - NEGLIGENCE

13.     Plaintiff incorporates herein by reference thereto the averments of Complaint Paragraphs 1 through 12 as if fully set forth at length.

14.     The servants, employees, agents, contractors and/or representatives of VA Pittsburgh, and through VA, the Defendant USA, owed a duty to maintain an appropriate standard of care to Refosky, and other former members of the armed forces of the USA similarly situate, such as to render necessary medical and/or surgical treatment without exposing the recipients thereof to an unreasonable risk of serious illness, up to and including death.

15.     Plaintiff avers that the servants, employees, agents, contractors and/or representatives of VA Pittsburgh, and through VA, the Defendant USA, negligently breached said duty in, *inter alia,* the following particulars:

A.      In failing to maintain sterile protocols while performing this surgical procedure and thereafter;

B.      In failing to maintain a sepsis free facility, free of MRSA;

C.      In failing to properly instruct its personnel in the dangers of sepsis, the science of antisepsis and the protocols to maintain a sepsis-free environment, most particularly in the immediate vicinity of major invasive surgical procedures;

D.      In failing devise, implement and/or supervise the implementation of procedures and protocols to prevent the presence of MRSA in the Defendant's hospitals generally and in VA Pittsburgh specifically and/or to stop and eradicate MRSA if and when its presence is discovered;

E.      In failing to warn Refosco and the Plaintiff about the existence of MRSA at its hospital, and the consequences thereof, at the Defendant's facilities generally and in VA Pittsburgh specifically;

F.      In failing to take all steps reasonably necessary to prevent and/or stop the spread of MRSA in Defendant's facility;

G.      In failing to adequately treat and cure Plaintiff's Decedent after he had acquired MRSA.

16.     The failure of the medical and nursing staff that performed this surgery to maintain sterile protocols while performing this surgical procedure fell below acceptable recognized professional standards of proper medical care.

17.     At all times material hereto, the operations of VA Pittsburgh, owned and/or operated by the Defendant USA in the Western District of Pennsylvania were carried out by servants, employees, agents, contractors and/or representatives of the VA, and through VA,

the Defendant USA, all of whom were acting in the course and scope of their employment.

18.     As a result of the negligent breach of the duty and standard of care by the Defendant and its servants, employees, agents, contractors and/or representatives, Plaintiffs sustained the following damages:

      A.     Refosco was subjected to severe pain and suffering;

      B.     Plaintiffs suffered severe mental anguish;

      C.     Plaintiffs were permanently deprived of Refosco's earning capacity;

      D.     Plaintiffs were deprived of the ordinary pleasures of life;

      E.      Refosco was deprived of his life on November 3, 2007;

      F.     Plaintiffs sustained other losses, injuries and damages.

WHEREFORE, Plaintiffs demand judgment against Defendant United States of America in an amount in excess of $75,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## COUNT II – NEGLIGENCE / CORPORATE LIABILITY

19.     The averments of Complaint Paragraphs 1 through 18 are incorporated herein by reference thereto as if fully set forth at length.

20.     At all time relevant and material hereto, the Defendant USA and its physicians, nurses, servants, agents, contractors, employees and/or representatives owed Refosky a duty of reasonable care under the circumstances.

21.     Defendant USA negligently breached the aforesaid duty in, *inter alia,* the following particulars:

      A.     In improperly relying on persons with insufficient knowledge, skill, training, information and/or experience to provide proper and timely recommendations regarding the

maintenance and cleanliness of the facility in which the care and/or treatment of the conditions suffered by Refosco took place;

B.     In failing to, in a proper and timely fashion, order, monitor, evaluate, assess, reassess, observe, oversee, review, examine, and/or supervise the procedures to maintain a sterile environment in the facility proximate to the invasive surgical procedures and aftercare rendered to Refosco;

C.     In failing to take proper and sufficient precaution to ensure that Refosco was at all times confined to an environment maintained by the care of competent, skilled, knowledgeable, experienced, and/or qualified physicians, nurses, and/or other health care providers;

D.     In failing to delegate responsibility for the examination, observation, and/or monitoring of Refosco to individuals properly qualified, experienced, educated, and/or skilled to appreciate the conditions, signs, symptoms, complaints, monitoring requirements, diagnostic results, and/or life threatening condition(s) of the MRSA infection suffered by Refosco;

E.     In failing to ensure that those health care providers who have been hired, employed, consulted, allowed to practice and/or permitted to act as physicians and other health care providers possess adequate and proper training, experience, skill, knowledge, education, qualifications, and/or abilities to render care, diagnose, treat, assess, interpret test results, and/or render care to patients suffering from conditions similar to that suffered by Refosco;

F.     In failing to select, retain, employ, hire, consult, accept as health care providers, and/or grant privileges to physician and other health care providers who have adequate experience, skills, and the ability to diagnose and treat patients with similar

conditions as those suffered by Refosco;

   G. In delegating responsibility for maintaining the physical environment in which health care services were rendered to Decedent to individuals who are not sufficiently skilled, experienced, knowledgeable, and/or qualified to maintain said health care environment free of MRSA and, thus, free of jeopardy to the health of Refosco;

   H. In failing to provide a sepsis-free facility for Refosco's treatment;

   I. In failing to timely diagnose and treat Plantiffs' Decedents MRSA infection.

 22. As a direct and proximate result of the corporate negligent acts and omissions, as aforesaid, the Defendant USA caused the harm to the Plaintiff's Decedent that resulted in his premature death, as set forth in Complaint Paragraph 18.

 WHEREFORE, Plaintiffs demand judgment against Defendant United States of America in an amount in excess of $75,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## COUNT III - WRONGFUL DEATH

 23. The averments of Complaint Paragraphs 1 through 22 are incorporated herein by reference thereto as if fully set forth at length.

 23. By reason of the aforesaid wrongful actions of Defendant USA, which proximately caused the death of Decedent, Plaintiffs demand damages under the Pennsylvania Wrongful Death Act as follows:

   A. Funeral expenses and incidental expenses stemming from the administration of Decedent's Estate and his burial;

   B. Loss of Decedent's contributions and services that Plaintiffs would have reasonably expected from Decedent had he lived;

C.    Economic losses which would have enhanced the value of Decedent's estate had he lived;

D.    Loss of companionship, guidance, and comfort as a father and a husband;

E.    Medical expenses; and

F.    All other damages and injuries recoverable under the Wrongful Death Act.

WHEREFORE, Plaintiffs demand judgment against Defendant United States of America in an amount in excess of $75,000.00, together with interest, costs, and such other relief as the Court deems just and proper.

## COUNT IV - SURVIVAL ACTION

24.    The averments of Complaint Paragraphs 1 through 23 are incorporated herein by reference thereto as if fully set forth at length.

25.    As a result of the foregoing negligence and breach of the standard of care by the United States Government, Plaintiff claims the following damages under the Pennsylvania Survival Act as follows:

A.    Damages for the conscious pain, suffering, and mental anguish endured by Decedent prior to his death;

B.    Damages for the loss of the happiness, enjoyment, and pleasures of life, which Decedent would have had during the remainder of his natural life which was terminated prematurely by his death;

C.    Loss of Decedent's earning capacity;

D.    Loss of earnings;

E.    All other damages permitted under the Survival Act.

WHEREFORE, Plaintiffs demand judgment against the Defendant United States of

America in an amount in excess of $75,000.00, together with interest, costs, and such other

relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*/s/ Robert O Lampl*
**ROBERT O LAMPL**
PA ID# 19809
**JAMES R. COONEY**
PA ID#  32706
**ELSIE R. LAMPL**
PA ID# 208867
960 Penn Ave.
Suite 1200
Pittsburgh, PA 15222
(412) 392-0330 - phone
(412) 392-0335 - fax
rlampl@lampllaw.com

**JAMES A. ASHTON**
PA ID# 11097
500 Lewis Run Road
Suite 227
Pittsburgh, PA 15122
(412) 466-7301 - phone
(412) 466-7304 - fax
jashton@southwesternhealthcare.com

Counsel for the Plaintiffs