IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STACEY REFOSCO, individually and )
  in her capacity as )
  Administratrix of the estate of )
  David W. Refosco, deceased, )
                                        )
           Plaintiff, )
                                        )
    v. ) Civil Action No. 10-1112
                                        )
THE UNITED STATES OF AMERICA, )
                                        )
           Defendant. )

**MEMORANDUM OPINION**

Pending before the Court is Defendant's motion to dismiss the Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. No. 13.) For the reasons that follow, Defendant's motion is denied in part and granted in part.

**I. INTRODUCTION**

    A.    Factual History[1]

David W. Refosco was a veteran of the armed services of the United States who lost his leg when a land mine exploded in Vietnam. In August 2007, Mr. Refosco was diagnosed at the Veterans Affairs hospital in Pittsburgh, Pennsylvania ("VA Hospital"), with a number of serious medical conditions including non-ischemic cardiomyopathy, congestive heart failure, and complete heart

---

[1] The facts in this section are taken from the Complaint and construed in favor of Plaintiff.

blockage with pacemaker dependence. A pacemaker/defibrillator was surgically inserted at the VA Hospital on August 20, 2007.

Mr. Refosco was readmitted to the VA Hospital on October 18, 2007, complaining that his pacemaker was malfunctioning. He was ultimately diagnosed with an infection known as methicillin-resistant Staphylococcus aureus, which is highly resistant to conventional antibiotic treatment. Mr. Refosco died from the infection on November 3, 2007. Plaintiff Stacey Refosco, Mr. Refosco's widow and administratrix, believes her husband contracted the infection during the August 2007 pacemaker implantation and that he died as the direct and proximate result of the negligence of the VA Hospital staff.

B. Procedural History

Ms. Refosco suit in this Court on August 23, 2010. In Count I, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), Plaintiff seeks damages from the death of her husband due to the negligence of the staff of the VA Hospital, all of whom are employees or agents of Defendant acting in their capacity as such at the time of her husband's treatment in August and October 2007. Count II alleges that the premature death of her husband was the direct and proximate result of Defendant's corporate negligence. Count III is brought pursuant to the Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301, and Count IV is a survival

action brought under 42 Pa. C.S. § 8302.

Plaintiff alleges she timely submitted an administrative claim to the Office of General Counsel with the Department of Veterans Affairs; the claim was denied on March 1, 2010;[2] and she has therefore complied with the requirement of the FTCA that she exhaust her administrative remedies with the appropriate federal agency prior to bringing suit in this Court. Plaintiff further complied with the FTCA requirement that if she chose not to seek reconsideration of the decision by the Department of Veterans Affairs, she must bring suit within six months of the date on which the final decision was mailed. See 28 U.S.C. §§ 2675(a) and 2401.

C. Jurisdiction and Venue

Plaintiff avers that jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1346(b) in that the suit is brought under the FTCA. The Court has jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367. Venue is appropriate in this district under 28 U.S.C. § 1402(b).

II. **STANDARD OF REVIEW**

A. Dismissal under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) contends that

---

[2] In paragraph 4 of the Complaint, Plaintiff alleges that the claim was denied on March 1, 2009, however, Exhibit B attached to Defendant's brief in support of the motion to dismiss, the denial letter from the Department of Veterans Affairs, is dated March 1, 2010.

the district court lacks subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Such a motion questions the court's "very power to hear the case" and is considered either "facial," that is, one which attacks the complaint on its face, or "factual," one which attacks subject matter jurisdiction as a matter of fact. Mortensen v. First. Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); *see also* Petruska v. Gannon Univ., 462 F.3d 294, 302, n.3 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007). When a motion to dismiss pursuant to Rule 12(b)(1) is filed prior to the defendant filing an answer to the complaint, it is, by definition, a facial attack. Zimmerman v. Wolff, 622 F. Supp.2d 240, 243 (E.D. Pa. 2008); *see also* Mortensen, 549 F.2d at 891, n.17 (a "factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted.") Because Defendant has not filed an answer, we will treat its Rule 12(b)(1) motion as a facial attack.

"Facial attacks. . .contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Common Cause v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009), *quoting* Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). The court's review is limited to "the allegations on the face of the complaint. . .and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff." Church of the Universal Bhd. v. Farmington Twp. Supervisors, No.

4

07-4021, 2008 U.S. App. LEXIS 21961, *4-*5 (3d Cir. Oct. 20, 2008), *citing* Mortensen, 549 F.2d at 891, and Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002). A complaint under facial attack may be properly dismissed "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . .is wholly insubstantial and frivolous.'" Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991), *quoting* Bell v. Hood, 327 U.S. 678, 682 (1946); *see also* Iwanowa v. Ford Motor Co., 67 F. Supp.2d 424, 438 (D. N.J. 1999) (such a complaint should be dismissed "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.") The United States Court of Appeals for the Third Circuit has warned district courts against treating a motion under Rule 12(b)(1) identically to one brought under Rule 12(b)(6) and reaching the merits of the claim, noting that "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). The plaintiff has the burden of showing jurisdiction is proper in this Court. Rudolph v. Adamar of N.J., Inc., 153 F. Supp. 2d 528, 533 (D. N.J. 2001) (the party invoking the court's jurisdiction bears the burden of persuasion when the subject matter jurisdiction of the court is challenged); Mortensen, id.

5

B. <u>Dismissal under Fed. R. Civ. P. 12(b)(6)</u>

In the aftermath of <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and the interpretation of those two cases by the Third Circuit Court of Appeals, the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Rule 12(b)(6) have taken on slightly new parameters. The standard is now whether the complaint includes "sufficient factual matter to show that the claim is facially plausible." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009); see also <u>Twombly</u>, 550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." The <u>Fowler</u> court further directed that in considering a motion to dismiss, the district court should undertake a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."

6

Fowler, 578 F.3d at 210-211 (quotations and citations omitted.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; *see also* Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009), and Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). "Determining whether a complaint states a plausible claim for relief will. . .be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 361 (3d Cir. 2010), *quoting* Iqbal, 129 S. Ct. at 1950. A complaint should not be dismissed even if it seems unlikely the plaintiff can prove the facts alleged in the complaint or will ultimately prevail on the merits. The Twombly pleading standard "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (internal quotations omitted.)

## III. ANALYSIS

Regardless of the federal rule invoked by Defendant, the gist of its argument is the same: the Complaint must be dismissed in its entirety for failure to comply with a rule of Pennsylvania civil

procedure which requires a document known as a "Certificate of Merit" ("COM") to accompany any suit alleging professional malpractice. (United States of America's Brief in Support of Motion to Dismiss, Doc. No. 14, at 5.) Defendant asserts in its brief -- and Plaintiff does not disagree -- that Pennsylvania law applies in this case, inasmuch as federal courts apply the law of the state in which the allegedly tortious conduct occurred when assessing claims brought under the FTCA. (Id. at 6, *citing, inter alia*, Hodge v. United States DOJ, No. 09-3723, 2010 U.S. App. LEXIS 6400, * 6 (3d Cir. Mar. 25, 2010).)

On January 27, 2003, the Pennsylvania Supreme Court adopted a rule of civil procedure, effective immediately, which requires that either concurrently with filing of the complaint or no later than 60 days thereafter, the plaintiff or her attorney bringing a claim of professional liability against certain designated professionals - including a health care provider[3] - must file a certificate of merit with the court hearing the case. Pa. R. Civ. P. 1042.3 and 1042.1.

---

[3] "The rules of this chapter govern a civil action in which a professional liability claim is asserted by on or behalf of a patient or client of [a] licensed professional. . . .As used in this chapter, "licensed professional" means (1) any person who is licensed pursuant to an Act of Assembly as (i) a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error (MCARE) Act." Pa. R. Civ. P. 1042.1(a). MCARE, 40 P.S. § 1303.503, defines "health care provider" as: "A primary health care center. . .or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician. . .hospital,. . .and an officer, employee or agent of any of them acting in the course and scope of employment."

8

Alternatively, "for good cause shown," the plaintiff may file within the initial 60-day period a motion to the extend the time in which the COM is to be filed. Rule 1042.3(d).

The policy objectives of the COM requirement are to prevent baseless professional liability claims and protect defendants from frivolous lawsuits. Keel-Johnson v. Amsbaugh, CA No. 07-200, 2009 U.S. Dist. LEXIS 19310, *23 (M.D. Pa. Mar. 10, 2009). To these ends, in the COM the plaintiff or her attorney attests to the fact that

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa. R. Civ. P. 1042.3(a).

If the plaintiff fails to timely file the COM or to request an extension of time in which to do so, the defendant may move the prothonotary to enter what is known under Pennsylvania law as a judgment of non pros, *providing* it has given the plaintiff a 30-day notice of its intent. (*See* form of notice set out in Rule 1042.6.)

9

If the plaintiff files a proper COM within the 30-day period or files either a motion seeking a determination of the court that no certificate is necessary or a motion seeking an extension of time in which to file, the judgment of non pros may not be entered. Rule 1042.7. Should the plaintiff fail to take any of those actions and the prothonotary enters the judgment of non pros, the plaintiff still has at least one more chance to revive the claim by seeking relief from the judgment and requesting that it either be struck or opened. Pa. R. Civ. P. 3051. In those circumstances, the plaintiff must petition the court alleging "facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action." Id.

In Booker v. United States, No. 09-2688, 2010 U.S. App. LEXIS 3155, *4 (3d Cir. Feb. 18, 2010), the Court of Appeals for the Third Circuit confirmed that Rule 1042.3(a)(1) is "substantive state law that must be applied by the federal district courts." *See also* Perez v. Griffin, No. 08-2979, 2008 U.S. App. LEXIS 26250, *4 (3d Cir. Dec. 23, 2008) (same.) We therefore turn to the effect of applying Rule 1042.3 to the procedural history of this case.

Ms. Refosco never actually concedes that she neither filed the certificate within 60 days of filing the Complaint nor requested an extension of time in which to do so. (*See* Plaintiff's Brief in

Opposition to Motion to Dismiss, Doc. No. 16, "Plf.'s Brief," at 4, referring to "Plaintiff's *alleged* failure to file" a COM.) Ms. Refosco did not "allegedly" fail to file the COM, she absolutely failed to file it until the omission was brought to her attention by Defendant's motion. Regardless, however, of when the COM was filed, it is inadequate to support all of Plaintiff's claims.

The COM signed by Plaintiff's counsel states in its entirety:

> The claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

(Plf.'s Brief, Exh. A.)

This language tracks precisely paragraph two of the model form of the Certificate of Merit set out in Rule 1042.9. In Count I of the Complaint, Plaintiff alleges that the operations of the VA Hospital "were carried out by servants, employees, agents, contractors and/or representatives of VA Pittsburgh [i.e., the VA Hospital] and through VA, the Defendant USA, all of whom were acting in the course and scope of their employment" and that "[a]s a result of the negligent breach of the duty and standard of care by the

11

Defendant and its servants, employees, agents, contractors and/or representatives, Plaintiffs sustained. . . damages." (Complaint, ¶¶ 17-18.) This is the classic description of vicarious liability under Pennsylvania law. Costa v. Roxborough Mem'l Hosp., 708 A.2d 490, 493 (Pa. Super. Ct. 1998). Although the licensed professionals need not be identified by name, "[w]here the COM sets out a vicarious liability theory, additional COMS must also be filed as to each licensed professional for whom that defendant is alleged to be vicariously liable." See Stroud v. Abington Mem. Hosp., 546 F. Supp.2d 238, 248-249 (E.D. Pa. 2008), citing Rule 1042.3(a)(2) note. We assume the only "licensed professional" for whom Defendant is alleged to be vicariously liable is the VA Hospital itself since only one COM was filed and the Complaint does not make allegations against any individual per se. See Vochnisky v. Geo Group, Inc., CA No. 09-3012, 2009 U.S. Dist. LEXIS 108792, *10 (E.D. Pa. Nov. 20, 2009) (dismissing medical malpractice claim where the plaintiff failed to file a COM for any professional for whom he alleged the defendant was responsible.) The language of the COM therefore satisfies the requirements for stating a claim under the doctrine of vicarious liability against Defendant.

However, in Count II, Plaintiff has alleged corporate liability against the VA Hospital, identifying in Paragraph 21 a number of ways in which Defendant allegedly breached its duty of reasonable care

to Mr. Refosco. "Corporate negligence is a direct theory of liability against the hospital, which contemplates some form of systemic negligence by the hospital and is not simply a vicarious theory of liability based on the negligence of its employees." Stroud, 546 F. Supp.2d at 245, *citing* Edwards v. Brandywine Hosp., 652 A.2d 1382, 1386-87 (Pa. Super. Ct. 1995). But when proceeding under a direct theory of liability, the COM must incorporate the first paragraph of the model form, that is, a statement that

> an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Rule 1042.3(a)(1).

Plaintiff has not incorporated such language in her COM even though the model form allows a plaintiff to indicate in a single document her intent to proceed under both direct corporate liability and vicarious liability. Rule 1042.3(b)(2); *see also* Stroud, 546 F. Supp.2d at 249; Yee v. Roberts, 878 A.2d 906, 914 (Pa. Super. Ct. 2005) (requiring a COM to be filed with respect to the alleged professional negligence of the partnership in failing to properly train and supervise its employees in addition to the COM for the negligence of the individual dentist); Sparks v. Children's Hosp., 2010 Phila. Ct. Com. Pl. LEXIS 35, *12-*14 (Phila. Co., Jan. 26,

2010), *affirmed without opinion at* 2010 Pa. Super. LEXIS 6942 (Pa. Super. Ct. Nov. 15, 2010)(refusing to allow the corporate negligence claim to proceed where the plaintiff did not file a certificate of merit for that claim but only for her vicarious liability claim); and Doble v. Moses Taylor Hosp., 78 Pa. D. & C. 4th 449, 465 (Lackawanna Co. 2006) (same). We therefore find that even if the Court accepts Plaintiff's reasons for failing to file the COM in a timely fashion, the document provided does not satisfy the requirements of Rule 1042.3(a)(2). The corporate liability claim in Count II is hereby dismissed for failure to comply with Rule 1042.3.

As noted above, after Defendant moved to dismiss the Complaint, Plaintiff provided the COM attached as Exhibit A to her brief in opposition to the motion to dismiss. The United States then sought and was given leave to file a reply brief (Doc. No. 20) in which it argued that because Plaintiff had failed to offer any "reasonable explanation or legitimate excuse for the failure" to file the COM in a timely manner, the Complaint should still be dismissed.

With the Court's permission, Ms. Refosco filed a response to Defendant's reply brief, stating that prior to filing the lawsuit, her counsel had obtained an expert's medical report to support the COM. However, shortly after filing suit, counsel was diagnosed with a form of cancer which is particularly difficult to treat; while undergoing extensive chemotherapy and radiation treatments, he was

14

unable to attend to his practice, even on a part time basis. (Surreply Brief in Opposition to Motion to Dismiss, Doc. No. 23, at 2-3.) During his absence, there was a "breakdown of communication" and as a result, he erroneously believed others in his law firm had filed the COM based on the medical expert's report, while his co-counsel believed he had done so prior to his illness. New lead counsel from the firm has been named and the Court is assured that "there are no further obstacles in the path of this case." (Id. at 3-4.)

The Pennsylvania Supreme Court has held that Rule 1042.3 is subject to two "equitable exceptions," first, the plaintiff's substantial compliance with the Rule, assuming there has been no prejudice to another party's rights, and second, the plaintiff's "reasonable explanation" or "legitimate excuse" for failure to fully comply. Womer v. Hilliker, 908 A.2d 269, 279 (Pa. 2006). The Court concludes that in the confusion and stress associated with an unexpected serious illness and subsequent lengthy treatment, counsel's failure to file the COM is understandable. See Almes v. Burket, 881 A.2d 861, 866 (Pa. Super. 2005) (where counsel failed to timely file a COM due to the death of his mother-in-law, the court was "not prepared to assert that an attorney who forgets that the certificate was due or who fails to take [action] when faced with the family crisis like the one presented here is so derelict in his

obligations that the oversight should not be excused.") In fact, the Pennsylvania Superior Court has accepted as a legitimate excuse one quite similar to that offered by Plaintiff's counsel here. *See* Sabo v. Worrall, 959 A.2d 347, 349, 352 (Pa. Super. Ct. 2008) (where a COM was promptly prepared, placed in counsel's file, and counsel erroneously believed his paralegal had filed the document with the court, the failure to file the COM was an inadvertent mistake or oversight which justified vacating the entry of non pros.) *See also* Czerniak v. Longshore, 83 Pa. D. & C. 4th 459, 462 (Bucks Co. 2007) (counsel who believed the certificate had been filed with the complaint by another attorney according to the firm's ordinary business practices had provided a reasonable excuse); Doble, 78 Pa. D.& C. 4th 449 at 463 (where former counsel "inexplicably failed" to file a timely COM despite having a favorable expert report to support it and litigation was in its infancy, the otherwise meritorious case would not be dismissed simply due to attorney neglect or mistake.)

In sum, Plaintiff has proffered a reasonable excuse for failing to file the necessary COM in a timely fashion and was evidently prepared to do so on April 22, 2011, the date of the COM attached to Plaintiff's brief in opposition to the motion to dismiss. This litigation is also in its infancy in that the parties have not yet even identified or participated in alternative dispute resolution

or begun discovery. However, the COM attached to Plaintiff's brief does not support the claim brought in Count II of the Complaint, which is therefore dismissed. An appropriate Order follows.

May __13__, 2011

_____
William L. Standish
United States District Judge